IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, Western Pennsylvania Heavy & Highway Construction Advancement Fund, the Construction Industry Advancement Program of Western Pennsylvania Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions, and LABORERS' DISTRICT COUNCIL OF WESTERN PENNSYLVANIA,<br><br>        Plaintiffs,<br><br>        v.<br><br>ADVANCED BUILDERS, INC., LOUIS RUSCITTO, ROBIN M. HETZELL, MICHELLE T. HERRON and LISA M. MURPHY,<br><br>        Defendants. | Civil Action No. 2:18-CV-1275 |

**COMPLAINT**

**COUNT I**
**Laborers' Combined Funds of Western Pennsylvania, et al. v. Advanced Builders, Inc.**
**ERISA Collection Action**

1.    Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Advanced Builders, Inc. has failed to pay wage deductions and fringe benefit contributions to Plaintiffs in

violation of a certain Collective Bargaining Agreement entered into with the Laborers' District Council of Western Pennsylvania and/or its affiliated local unions (hereinafter "**Union**"), an employee organization.

2. Plaintiff Laborers' Combined Funds of Western Pennsylvania (hereinafter "**Funds**"), is a Pennsylvania non-profit corporation which maintains its principal place of business at 12 Eighth Street, 3rd Floor, Pittsburgh, Pennsylvania 15219-5140.  Philip Ameris is an employee trustee and Chairman of the Boards of Trustees of the Laborers' District Council of Western Pennsylvania Welfare and Pension Funds.  Paul V. Scabilloni is an employer trustee and Secretary of the Boards of Trustees of the Funds.

3. Plaintiff Laborers' District Council of Western Pennsylvania (hereinafter "**Union**"), maintains its principal place of business at 12 Eighth Street, 6th Floor, Pittsburgh, Pennsylvania 15219.

4. The trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

5. Plaintiff Union on its own behalf and on behalf of its local affiliated unions, the Western Pennsylvania Heavy & Highway Construction Advancement Fund, and the Construction Industry Advancement Program of Western Pennsylvania Fund have designated Plaintiff Funds as their agent for the collection of monies required to be paid by employers to the Laborers' District Council Industry ("**Industry Fund**") and Dues Deduction Funds ("**Dues Fund**").

6. Defendant Advanced Builders, Inc. ("**Contractor**") is engaged in the business of operating a construction company, with its principal place of business at 321 Cobble Lane, Belle Vernon, Pennsylvania 15012-3898.

7. Defendant Contractor is bound by a labor agreement ("**Agreement**") with the Laborers' Union pursuant to which Defendant Contractor was obligated to submit certain monthly payments to Plaintiff Funds for pension, welfare, industry and dues for the benefit of employees covered under such Agreement.

8. In violation of such Agreement, Defendant Contractor has failed to make timely payments of principal contributions and wage deductions to Plaintiff Funds through August 2018, which has resulted in an estimated principal deficiency of $95,238.08. In addition, interest through September 30, 2018 of $5,926.40, and late charges/liquidated damages of $52,559.54 are due to Plaintiff Funds, for a total deficiency of $153,724.02. Interest will continue to accrue after September 30, 2018 at the rate of $39.14 per day.

9. Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Defendant Contractor to the Plaintiff Funds until the termination of this case. Plaintiff Funds estimate that each such monthly report will total at least $30,000.00. If it is determined that employer owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one and one-quarter (1¼%) percent per month and late charges/liquidated damages at ten (10%) percent times such amounts owed. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

10. Plaintiff Funds have demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

TADMS:5023487-1 000004-010359

11. Pursuant to the Agreement and trust agreements of the Funds, Defendant Contractor is also obligated to Plaintiff Funds to pay its reasonable attorneys' fees of twenty percent (20%) of the total delinquency, but not less than One Thousand Dollars ($1,000.00). Such fees and expenses total $30,744.80 through September 30, 2018. Plaintiff Funds also claim attorneys' fees of twenty percent (20%) on any additional amounts shown to be due to Plaintiff Funds until the termination of this case. In the alternative, the amount of such fees may be determined by the Court.

12. Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

13. Plaintiff Funds are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and Agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff Laborers' Combined Funds of Western Pennsylvania demands the following relief against said Defendant Contractor:

(a) A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to such agreements, and enjoining Defendant Contractor from disposing of assets; and

  (b)  For a money judgment in favor of Plaintiff Funds and against Defendant Contractor in the sum of $184,468.82, plus such additional amounts shown to be owed to Plaintiff Funds until termination of this case, plus additional interest, late charges/liquidated damages, attorneys' fees of twenty percent (20%) of the total amount due and costs of suit; and

  (c)  For the Court to retain jurisdiction of the case pending compliance with its orders; and

  (d)  For such other and further relief as the Court may deem just.

**COUNT II**
**Laborers' Combined Funds of Western Pennsylvania, et al. v.**
**Louis Ruscitto, Michelle T. Herron, Robin M. Hetzell and Lisa M. Murphy**
**ERISA Breach of Fiduciary Duty Action**

  14.  The averments contained in paragraphs 1 through 13 are hereby incorporated by reference herein.

  15.  At all times material hereto, Louis Ruscitto served as the President, Robin M. Hetzell served as the Vice President, Michelle T. Herron served as the Secretary and Treasurer, and Lisa M. Murphy served as a corporate principal (collectively referred to as the "**Individual Defendants**"), of Defendant Contractor at the address listed in Paragraph 6.

  16.  At all times material, the Individual Defendants were responsible for overseeing the collection of all monies payable to Defendant Contractor resulting from the work performed by laborers employed under such Agreement.

  17.  At all times material, the Individual Defendants were also responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions to the Plaintiff Funds.

18. At all times material, the Individual Defendants also had check signing authority and the right to make decisions as to what obligations and/or payments of Contractor were to be paid and which ones were not to be paid.

19. At the time such fringe benefit contributions became due and payable by Contractor to the Funds, such monies became assets of the Plaintiff Funds.

20. At all times material, the Individual Defendants were aware of the obligations of Defendant Contractor to timely pay fringe benefits to the Plaintiff Funds.

21. At all times material, the Individual Defendants were aware that Defendant Contractor failed to timely pay all required fringe benefits to the Funds.

22. Nevertheless, the Individual Defendants prioritized payment of corporate expenses that personally benefitted them over payment to the Funds.

23. Based upon the foregoing, the Individual Defendants constitute "fiduciaries" under ERISA.

24. Based upon the foregoing, the Individual Defendants violated their duty of loyalty to the beneficiaries of the Funds.

25. Based upon the foregoing, the Individual Defendants also breached their fiduciary duties to the Funds by failing to cause Contractor pay to the Plaintiff Funds such contributions once they became due and payable, and are therefore personally liable for all fringe benefits and associated interest, liquidated damages/late charges, attorneys' fees and legal costs owed by Contractor to Plaintiff Funds.

26. The estimated principal contributions owed to the Funds through August 2018 total $84,761.89.  In addition, interest through September 30, 2018 of $5,274.50 and liquidated damages/late charges of $46,777.99 are due to Plaintiff Funds for a total deficiency of $136,814.38. Interest will continue to accrue after September 30, 2018 at the rate of $34.83 per day.

27. Plaintiff Funds also claim any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Contractor to the Plaintiff Funds until the termination of this case.  In the alternative, Plaintiff Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

28. Plaintiff Funds have demanded from the Individual Defendants payment of all such amounts due, but such the Individual Defendants have neglected and continue to neglect to pay such amounts.

29. Pursuant to ERISA, Defendant Contractor and the Individual Defendants are also obligated to Plaintiff Funds to pay its reasonable attorneys' fees of twenty (20%) percent of the total delinquency or $1,000.00 whichever is greater.  Such fees and expenses total $27,362.88 through September 30, 2018.  Plaintiff Funds also claim attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiff Funds until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiff Funds demand that judgment be entered against Louis Ruscitto, Michelle T. Herron, Robin M. Hetzell and Lisa M. Murphy in the amount of $164,177.25, plus interest from September 30, 2018, at a per diem rate of $34.83, plus legal costs, plus additional charges and fees.

### COUNT III
### Laborers' Combined Funds of Western Pennsylvania, et al. v.
### Louis Ruscitto, Michelle T. Herron, Robin M. Hetzell and Lisa M. Murphy
### State Common Law Conversion Action

30. All previous paragraphs are incorporated by reference herein.

31. Pursuant to such Agreement, the Individual Defendants caused Advanced Builders, Inc. to withhold monies from its employees' wages for union dues and legislative funds that were required to be remitted to the Plaintiff Funds.

32. In violation of the Agreement, Advanced Builders, Inc. failed to remit such wage deductions to the Plaintiff Funds.

33. At all times relevant to this action, the Individual Defendants had the authority and the responsibility to remit such employee wage withholdings to the Plaintiff Funds.

34. The Individual Defendants exercised dominion and control over the employee wage withholdings estimated at $10,476.19, and authorized and/or permitted such monies to be used to pay other purported creditors of Advanced Builders, Inc.

35. Based upon the foregoing, the Individual Defendants intentionally converted such monies that were rightfully due and payable to the Plaintiff Funds.

36. Plaintiff Funds are also entitled to receive from the Individual Defendants interest on such late payments ($651.90 through September 30, 2018), plus additional interest from September 30, 2018 of $4.31 per day.

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against Louis Ruscitto, Michelle T. Herron, Robin M. Hetzell and Lisa M. Murphy in the amount of $11,128.09 plus additional interest from September 30, 2018 and costs of suit.

**COUNT IV**
**Laborers' District Council of Western Pennsylvania v. Advanced Builders, Inc.**
**Wage Claim**

37. The averments contained in paragraphs 1, 3, 6 and 7 are hereby incorporated by reference herein.  The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. §1367.

38. In violation of such Agreement, Defendant Contractor has failed to make timely payments of wages to members of Plaintiff Union in the amount of $106.03.

39. Defendant Contractor has been requested to submit payment of all such amounts due, but Defendant Contractor has neglected and continues to neglect to pay such wages.

**JURY TRIAL DEMANDED**             TUCKER ARENSBERG, P.C.


*/s/ Jeffrey J. Leech*
Jeffrey J. Leech
PA I.D. No. 19814
jleech@tuckerlaw.com
Neil J. Gregorio, Esquire
PA I.D. No. 90859
ngregorio@tuckerlaw.com

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiffs